## SUPREME COURT.

### DWIGHT CHAPIN agt. D. MILO COLE.

*A justice of the peace* has no jurisdiction of an action for *assault and battery*.

Where the complaint contained three counts—one for assault and battery, one for injury to plaintiff's barn, and the other for converting sheep, and on the trial evidence was given upon all the counts, and a general verdict for plaintiffs for $20: *Held* that the defendant was entitled to *costs*.

*Jefferson Special Term, December,* 1869.

THE complaint in this cause contained three counts; one for *assualt and battery*; one for entering on the premises of plaintiff and injuring to his barn; and another for converting certain sheep. Issue was joined and the same was brought to trial at the October Jefferson circuit: Evidence was given under each count of the complaint, and a verdict rendered in favor of the plaintiff for $20.

After verdict the defendant entered up judgment for costs.

The plaintiff moves to set aside the judgment by reason of certain irregularities, and also upon the ground that he and not the defendant is entitled to costs.

D. O'BRIEN, *attorney for plaintiff.*

ANSON B. MOORE and JOHN C. MCCARTIN, *attorneys for defendant.*

MULLIN, J.—A justice of the peace has not jurisdiction of an action for assault and battery. By sub-division 3 of § 304 of the Code, a plaintiff is allowed costs upon a recovery, in actions of which a justice has not jurisdiction. But as by the 4th sub-division of the same section, a

plantiff cannot recover in an action of assault and battery when the recovery is less than $50, any more costs than damages, a plaintiff's costs must be controlled by this clause of the section, and could not exceed $20.

But as the jury has not by their verdict disclosed the amount found for the plaintiff under either of the counts of the complaint, we are not at liberty to say that any sum beyond nominal damages was found under the count for assault and battery ; a finding of $20 under either or both of the other counts, would entitle the *defendant* and *not* the *plaintiff* to costs.

The Code furnishes no light upon the question; neither do the Revised Statutes. The question is one of construction, for the courts. The case of *Shorke* agt. *Charles*, (18 *Wend.*, 616,) is almost identical with this. In that the declaration contained three counts, one for assault and battery and two for malicious prosecution.

On the trial evidence was given upon all the counts and a verdict upon all for $40. The question was submitted to the court, whether the plaintiff was entitled to costs, and if so to what amount, or whether he must pay costs to the defendant. It was held that the plaintiff was entitled to nominal costs only and that the defendant was entitled to full costs, on all the counts.

I do not feel at liberty to disregard this case and must, therefore, deny the motion ; but require the defendant to amend the record so as to give plaintiff judgment for the damages which he recovered, with six cents costs, and that the costs of defendant be set off against plaintiff's damages and costs, and that execution issue for the balance without costs of the motion to either party.